# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:24-cr-00032 |
| Plaintiff, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| JUSTIN NELSON, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

This case came before the Court for plea proceedings on June 4, 2024 following referral to the undersigned pursuant to Fed. R. Crim. P. 59. Assistant United States Attorney Erica Lunderman appeared on behalf of the Government. Cheryll Bennett, Esq. appeared and represented Defendant. Defendant verbally consented to proceeding before the United States Magistrate Judge for the plea hearing.

The undersigned examined Defendant under oath as to his understanding of the plea agreement, which Defendant acknowledged in open court. The undersigned also examined Defendant under oath concerning the effect of entering a plea pursuant to that agreement. Having conducted that colloquy, the Magistrate Judge concludes that Defendant fully understands the rights waived by entering a guilty plea and is fully competent to enter a guilty plea.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

The undersigned further examined Defendant as to the truth of the statement of facts in the plea agreement. Defendant objected to the statement that he "actively remains under [adult parole authority] supervision." (Doc. No. 26 at PageID 54.) Defendant maintained that the statement was true at the time the plea agreement was signed, but that the statement is no longer true because his parole was terminated afterwards. Defendant otherwise acknowledged that, with the exception of the statement regarding the status of his parole, the facts in the plea agreement are true. Defendant confirmed that he wishes to plead guilty to those facts.

Based on the foregoing, the Magistrate Judge concludes that Defendant's guilty plea to Count One of the Indictment (Doc. No. 2) is a knowing, intelligent, and voluntary plea. The Court also concludes that the statement of facts made a part of the plea agreement, excluding the statement regarding the status of Defendant's parole, provides a sufficient factual basis for a finding of guilt.

It is therefore **RECOMMENDED** that: (1) the Court accept Defendant's guilty plea to Count One of the Indictment; and (2) Defendant be found guilty as charged in Count One of the Indictment. Anticipating the District Judge's adoption of this Report and Recommendation, the Magistrate Judge referred Defendant for a pre-sentence investigation and remanded him to the custody of the U.S. Marshal.

**IT IS SO RECOMMENDED**.

June 14, 2024                          *s/Caroline H. Gentry*
                                                         Caroline H. Gentry
                                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).